UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROLAND HAYES STREETER, SR. et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 3:25-cv-00720** |
| **WMC MORTGAGE CORP. et al.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Luke A. Evans recommending that the Court grant in part and deny in part the motion to dismiss filed by PHH Mortgage Corporation ("PHH") and Western Progressive-Tennessee, Inc. ("Western Progressive"). (Doc. No. 26). Plaintiffs did not file any objections to the R&R. Defendants DHB R, LLC ("DHB") and PHH filed objections to the R&R. (Doc. Nos. 27, 28). For the reasons below, the Court will adopt in part the R&R as modified by this Order.

**I. Plaintiffs**

The Magistrate Judge recommends granting the motion to dismiss (Doc. No. 7) as to Western Progressive and dismissing all fifteen claims against it. (Doc. No. 26 at 27). The Magistrate Judge further recommends granting in part the motion to dismiss (Doc. No. 7) as to PHH and dismissing fourteen of the fifteen claims against it, leaving only the negligent-misrepresentation claim in Count Eight. (Doc. No. 26 at 27). The Magistrate Judge also recommends denying Plaintiffs' request for temporary and preliminary injunctive relief. (Id.)

Plaintiffs did not object to these recommendations. Because Plaintiffs did not object to the these recommendations, the Court need only review them for clear error. Fed. R. Civ. P. 72(b)

advisory committee note of 1983 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court has nevertheless conducted a de novo review of the R&R and agrees with the Magistrate Judge's recommendation to dismiss all claims against Western Progressive and Counts One through Seven and Nine through Fifteen against PHH and to deny Plaintiffs' request for injunctive relief. The Court will therefore adopt those portions of the R&R.

As explained below, the Court will also dismiss the remaining claim against PHH and dispose of the claims against the two other named Defendants.

## II. WMC Mortgage Corporation

Plaintiffs name WMC Mortgage Corporation ("WMC") as a Defendant. The Magistrate Judge notes in the R&R that WMC is "purportedly defunct" and that, according to Defendants, "removal was proper without WMC's consent because it is defunct." (Doc. No. 26 at 1 n.1, 3). Plaintiffs did not dispute that assertion in response to the notice of removal, the motion to dismiss briefing, or the R&R. Accordingly, the Court finds that WMC is not an appropriate party in this case and that the interests of justice support dropping it as a party. See Fed. R. Civ. P. 21; Doe v. JRD P'Ship, No. 3:23-CV-00928, 2023 WL 12257200, at *1 (M.D. Tenn. Dec. 15, 2023).

## III. DHB

DHB objects that the R&R does not recommend its dismissal. (Doc. No. 27). Although the Magistrate Judge observes that Plaintiffs "do not appear to assert any of their claims against DHB specifically" (Doc. No. 26 at 3 n.2), the R&R does not recommend any disposition as to DHB.

The Court reviews de novo the Magistrate Judge's lack of a recommendation as to DHB. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court agrees with DHB that Plaintiffs do

not allege a claim against it and that dismissal is warranted. Accordingly, DHB's objection will be sustained, and DHB will be dismissed from this case.

## IV. PHH

PHH objects to the Magistrate Judge's recommendation that Plaintiffs' negligent-misrepresentation claim be allowed to proceed. (Doc. No. 28). PHH objects that Plaintiffs fail to state a negligent-misrepresentation claim because the alleged representations were not made to guide Plaintiffs in a business or commercial transaction and, separately, because the allegations do not satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b). (Id. at 2–6).

The Magistrate Judge concluded that Plaintiffs plausibly stated a negligent-misrepresentation claim against PHH. (Doc. No. 26 at 12–15). The Magistrate Judge recognized that Tennessee law limits the tort to commercial or business transactions and that Rule 9(b)'s heightened pleading standard applies. (Id. at 10 n.4, 13–14). The Magistrate Judge then identified Plaintiffs' allegations that PHH omitted or concealed material information concerning Plaintiffs' payments, failed to exercise reasonable care in communicating accurate information to Plaintiffs, and advised Plaintiffs in June 2024 that they did not owe any past-due mortgage or escrow payments. (Id. at 13–14). Based on those allegations, the Magistrate Judge concluded that PHH allegedly supplied faulty information "in the course of its on-going mortgage service business" and that Plaintiffs relied on that information in their "month-to-month transactions" with PHH. (Id. at 14). The Magistrate Judge did not determine whether those transactions were business or commercial transactions or whether the allegations satisfied the heightened pleading standard under Rule 9(b).

The Court reviews de novo the Magistrate Judge's recommendation to allow the negligent-misrepresentation claim to proceed against PHH. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Under Tennessee law, negligent misrepresentation is limited to false information

supplied "for the guidance of others in their business transactions." Hodge v. Craig, 382 S.W.3d 325, 345 (Tenn. 2012) (quoting John Martin Co. v. Morse/Diesel, Inc., 819 S.W.2d 428, 433 (Tenn. 1991)). According to the Tennessee Supreme Court, "the requirement that the misrepresentation be made to guide others 'in their business transactions'" is "an 'essential element' of a negligent misrepresentation claim.'" Id. (quoting Robinson v. Omer, 952 S.W.2d 423, 428 (Tenn. 1997)). As the Magistrate Judge also recognized, negligent-misrepresentation claims must satisfy the heightened pleading standard under Rule 9(b). (Doc. No. 26 at 10 n.4).

Plaintiffs do not plausibly allege a negligent-misrepresentation claim because they do not allege representations made by PHH to guide Plaintiffs in a business or commercial transaction. Plaintiffs allege that PHH serviced a mortgage securing their family home and provided inaccurate information concerning the payments they owed on that mortgage. Thus, the alleged representations concerned, as PHH correctly points out, a *personal transaction* regarding Plaintiffs' personal mortgage obligations. (Doc. No. 28 at 2–5). That PHH supplied this information in the course of its own mortgage service business does not transform the transaction from a personal financial one into a business or commercial one.

Separately, the Court also finds that the allegations identified in the R&R do not satisfy the heightened pleading requirement of Rule 9(b). Those allegations do not identify with enough specificity the false information PHH allegedly supplied or otherwise provide sufficient factual detail under Rule 9(b).

Plaintiffs therefore fail to state a negligent-misrepresentation claim. PHH's objection will be sustained, and the negligent-misrepresentation claim will be dismissed.

## V. **Conclusion**

For the reasons set forth above, the R&R (Doc. No. 26) is **ADOPTED IN PART** as modified by this Order. PHH and Western Progressive's motion to dismiss (Doc. No. 7) is

**GRANTED**. DHB's and PHH's objections (Doc. Nos. 27, 28) are **SUSTAINED**. Plaintiffs' claims against DHB are **DISMISSED**. WMC is dropped as a party under Fed. R. Civ. P. 21. Plaintiffs' request for a temporary restraining order and temporary injunctive relief is **DENIED**.

This is a final Order. The Clerk shall close the file.

IT IS SO ORDERED

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE